# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50518
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE FIDENCIO TORRES-DIAZ, also known as Marcos Torres, also known as Eduardo Santos-Ramirez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:13-CR-651

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jose Fidencio Torres-Diaz appeals the 41-month sentence imposed following his guilty plea conviction for illegal reentry following prior removal. He argues that his sentence, which is at the low end of the applicable guidelines range, is greater than necessary to meet the sentencing objectives of 18 U.S.C. § 3553(a). Specifically, he contends that the district court did not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

account for his minimal criminal background and the fact that he reentered the United States to be with his family, including his youngest daughter, who has a disabling disease.

Torres-Diaz did not object to the reasonableness of his sentence and, thus, we review for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Torres-Diaz argues that such an objection is not required to preserve the substantive reasonableness of a sentence for review, but he acknowledges that this argument is foreclosed by circuit precedent and raises the issue to preserve it for further review. As Torres-Diaz also recognizes, his assertion that the presumption of reasonableness should not apply because U.S.S.G. § 2L1.2 is not based on empirical data or national experience is foreclosed. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

With regard to Torres-Diaz's claim that his sentence did not reflect his personal circumstances, the district court considered his arguments that a lesser sentence was warranted based on his background and family circumstances, but determined that a sentence within the guidelines range was proper. We must defer to the district court's sentencing decision, *see Gall v. United States*, 552 U.S. 49-50, 51-52 (2007), and Torres-Diaz's disagreement with the district court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness or show that the sentence was plainly erroneous. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

Accordingly, the judgment of the district court is AFFIRMED.